## C. F. MEDARIS CO. v. COMMISSIONER OF INTERNAL REVENUE.
### Nos. 5381, 5382.

Circuit Court of Appeals, Sixth Circuit.
March 14, 1930.

H. C. Allread, of Columbus, Ohio (Evert L. Bono, of Washington, D. C., on the brief), for petitioner.

John H. McEvers, of Washington, D. C. (Sewall Key, C. M. Charest, and Robert L. Williams, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN and HICKEN-LOOPER, Circuit Judges, and ANDERSON, District Judge.

MOORMAN, Circuit Judge.

The petitioner is engaged in soliciting insurance and in acting as financial agent in negotiating loans upon real estate. In 1920 and 1921 it sought and was denied classification as a personal service corporation for the purpose of income taxes. The statute (Revenue Act of 1918, c. 18, 40 Stat. 1057) allows a corporation such classification if its income (1) is to be ascribed primarily to the activities of the principal owners or stockholders; (2) the principal owners or stockholders are themselves regularly engaged in the active conduct of its affairs; and (3) capital, whether invested or borrowed, is not a material income-producing factor.

The Board of Tax Appeals denied the application on all of these grounds, basing its action as to the first upon a finding that the income from the insurance business was not ascribable primarily to the principal owners, but was the result of the efforts of skilled subagents who had been secured by the owners in building up an extensive insurance business, and, as to the second, upon the ground that forty per cent. of petitioner's capital stock (forty of the total authorization of one hundred shares) was owned by Lida S. and Evelyn H. Medaris, who admittedly were not engaged in conducting its affairs. These findings are attacked for lack of substantial support in the evidence and as insufficient in law, if true, to deny the classification. We pass these questions without decision, and examine the Board's conclusion in respect to the materiality of capital as an income-producing factor.

The Board found that more than half of petitioner's total income was derived from its loan business; that in negotiating these loans the petitioner acted for the Union Central Life Insurance Company; that its practice—apparently necessary to the carrying on of this part of its business—was to furnish the money to the borrower pending approval of the abstract of title and remittances by the insurance company; that it obtained funds from a local bank for this purpose; and that the result was its indebtedness to the bank was sometimes as high as two or three hundred thousand dollars, and it paid on such loans interest amounting to more than two thousand dollars during the year 1920. Upon these and other undisputed facts the Board concluded that the capital which petitioner used in its business was a material income-producing factor.

We are of opinion that this conclusion of the Board was correct. Adjudications of similar questions are persuasive or controlling only so far as they are based upon analogous facts. Shipley v. McCaughn (C. C. A.) 34 F.(2d) 281, and Strayer's Business College v. Commissioner (C. C. A.) 35 F.(2d) 426, are distinguishable from the present case on their facts. In the Strayer's Case, Metropolitan Business College v. Blair (C. C. A.) 24 F.(2d) 176, was cited and distinguished. See, also, Hubbard-Ragsdale Co. v. Dean (D. C.) 15 F.(2d) 410; Cuyahoga Trust Co. v. Commissioner, 58 App. D. C. 248, 29 F.(2d) 448; and Meinrath Brokerage Co. v. Commissioner (C. C. A.) 35 F.(2d) 614. The facts here under consideration are in close analogy to those in the Blair Case. In our opinion they support the finding that the capital used in the loan business was a material income-producing factor.

The order is affirmed.